BERNARD A. STAMPOFSKI

*v.*

MARGARET H. T. HOOPER, for use, etc.

CONTRACT—*for conveyance of land on demand—effect of as evidence.*
Where a written contract, apparently fairly entered into, to convey land on demand, for a consideration therein acknowledged to have been paid in full, is found in the hands of an assignee, it is strong, though not conclusive, evidence that it was fairly and legally executed, and it will be held binding on the person executing it, until it is shown by clear and satisfactory evidence to be invalid.

21 — 86TH ILL.

APPEAL from the Circuit Court of Cook County; the Hon. HENRY BOOTH, Judge, presiding.

This was an action of covenant, brought by Margaret H. T. Hooper for the use of Daniel R. Brandy, upon an agreement under seal, executed by the appellant, whereby he covenanted to convey certain real estate to Mrs. Hooper upon demand, in consideration of $1,500, acknowledged by said agreement to have been paid.  The defense relied upon was that the contract was never delivered, but that the husband of the appellee got possession of it upon the pretense of wishing to show it to a party from whom he was to get the money, and that he would return in a short time with it and pay the money, but that he kept the contract, and never paid the money.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for the appellant.

Messrs. BRANDT & HOFFMAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This case was before this court at a former term, and is reported in volume 75 of Illinois Reports, page 241.   It was then reversed and the cause remanded for further proceedings.   It has been again tried, resulting, as before, in favor of plaintiff, and defendant brings it to this court by appeal.

It is insisted that, as it was held by this court that the evidence failed to sustain the former verdict, we should so hold now, as the evidence is substantially the same as before.   In this supposition there is a manifest misapprehension.   The evidence in support of appellee's claim is fuller and stronger than before, whilst that for appellant is weaker and less satisfactory.

Again, Lloyd and Walsh were examined as witnesses on the last trial, and although their evidence is not full, it in

some respects strongly corroborates Hooper's evidence; and as his and appellant's testimony is that upon which the case mainly depends, the evidence of Lloyd and Walsh may have been regarded as important in sustaining Hooper. We are clearly of the opinion that the additional evidence heard on the last trial was material, and clearly distinguishes it from that on the former.

Here was a contract, apparently fairly entered into, agreeing to convey the undivided half of a lot, the consideration of the sale acknowledged to have been paid in full, and an obligation to convey on demand and reasonable notice, found in the hands of an assignee. The existence of such an instrument, although not conclusive, is strong evidence that it was fairly and legally executed, and must be held binding on the person executing it, until it is shown by clear and satisfactory evidence to be invalid. Loose and unsatisfactory evidence is not sufficient. If the binding force of such instruments may be destroyed by such unsatisfactory evidence, then the effect of written agreements, solemnly entered into, would, as evidence, be well-nigh destroyed. Such instruments must have controlling effect, as evidence, until convincing proof establishes their invalidity.

Here, appellant admits that he made and executed this instrument, but claims that Hooper fraudulently obtained possession of it, and was to take it for a few minutes, to procure the money with which to pay the sum named in the agreement, but failed to return it to appellant. And he testifies that such was the manner in which Hooper obtained possession. He is to some extent corroborated by Monroe, who was present when the agreement was executed. But he is only positive as to what transpired in reference to taking the agreement and returning it, but does not speak as to the consideration paid or to be paid for the lot.

In the first place, appellant's version of the matter does not appear to us to be reasonable or probable. It is apparent that Hooper was very poor, having much difficulty to support his family, and it is wholly improbable that a man thus

situated would be desirous of purchasing real estate, especially property thus situated, or from appellant. He was enjoined from conveying, not only it, but all he owned in the city, by a creditor's bill, claiming the property in fact belonged to another person. Thus the title was in dispute. It was but an undivided half, and the other half in the name of appellant, with whom he was not even on speaking terms, and had not been for a considerable time previously. Is it reasonable to suppose that he would purchase and pay for this property, thus situated, and of appellant, and pay the full value of the property in hand? We think not.

On the other hand, it is not disputed that Hooper had been appellant's attorney, and was claiming that he owed him $750 or $850 for fees; and Hooper swears it was due to him, and the balance of the purchase money he was to pay in services in the injunction suit. This is denied by appellant, who claims it was a sale, and the money was to be paid. As to such claim for fees claimed to be due, and services in the injunction suit being the consideration for the bond, Hooper is strongly corroborated by Walsh, who appears to have been an unwilling witness, and to have testified reluctantly in favor of appellee.

All the evidence considered as it now stands, we are of opinion that it sustains the verdict. But appellant has not, we think, shown with sufficient clearness that Hooper obtained the possession of the instrument by fraud, as he claims he did. In this conflict in the evidence, which was for the jury to reconcile, we should go beyond our province if we were to reverse because the jury had found against the clear preponderance of the testimony.

It is objected that the instructions given by the court misled the jury, and that there was error in refusing instructions asked by appellant. After reading them carefully, we fail to see that the court committed any error in giving or refusing them. As given, the instructions presented the law of the case fairly to the jury, and we fail to see any grounds for reversing the judgment, and it must be affirmed.

*Judgment affirmed.*